FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241

IN THE UNITED STATES DISTRICT COURT

FOR THE

Darryl Ford # 8943-040
Petitioner
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432
(Full name under which you were convicted;
Prison Number; Full Mailing Address).

04-40232NG

VS.                                    CIVIL ACTION NO._____

David L. Winn
Respondent(s)
F.M.C. Devens
P.O. Box 880
Ayer, Massachusetts 01432
(Name of Warden or other authorized person
having custody of Petitioner).

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1. This petition concerns: (check appropriate blank)

_____    A conviction
  XXX     A sentence (**CAUTION:** If you are attacking a sentence imposed under a Federal Judgment, you must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the Judgment).
_____    Jail or prison conditions
_____    Prison discipline issue
_____    A parole problem
_____    Other. State briefly: See Brief in support of Petitioners Blakely v. Washington, 124 S.Ct. 2531, 2542 (2004) Claim

2. Place of detention: Federal Medical Center Devens
P.O. Box 879
Ayer, Massachusetts  01432

1

**HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?**

__XXXX__ Yes      _____ No

3. If your answer is "yes," give the following information:

a. Name of the Court: United States District Court/ District of Michigan (Western)

b. Nature of proceeding: Motion to vacate, set aside, or correct sentence.

c. Grounds raised: ineffective assistant of Counsel/ Apprendi claim

d. Result: Denied

e. Date of result: Approximately 2001

f. Citation or number of any written opinion or order entered pursuant to each such disposition: _____

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: N/A

5. Does counsel presently represent you? _____ Yes __XXXX__ No

If so, Name address and phone number of counsel: N/A

6. Name and location of court, which imposed sentence: United States District Court for the District of Western Michigan

2

7. Indictment or case number, if known: __1:97-CR-82__

8. Offense or Offenses for which sentence was imposed: Conspiracy to posses with intent to distribute cocaine / cocaine base 1 count

9. Date upon which sentence was imposed and the term of the sentence: April 29, 1998. 235 months in prison with 5 years supervised release.

10. When was a finding of guilt made? (Check one)
_____ After a plea of guilty

__XXXX__ After a plea of not guilty

_____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:
__XXXX__ A jury

_____ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? _____ Yes _____ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: Court of Appeals for the Sixth Circuit.

b. Result: Denied

c. Date of result: February 2001

d. Citation or number of opinion: N/A

e. Grounds raised: (List each one)
Ineffective assistant of Counsel, Apprendi Claim

**NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.**

3

14. Summarize <u>briefly</u> the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION**: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: See brief in support.

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not <u>conclusions,</u> in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

b. Ground Two:

Supporting Facts:

Ground Three:

Supporting Facts:

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

_____ Yes \_\_\_XXXX\_\_\_ No

(1) If your answer to "a" above is yes, what was the result? _____

(2) If your answer to "a" above is no, explain: \_\_\_See brief in support_____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

_____ Yes \_\_\_XXXX\_\_\_ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken:

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

\_\_\_See brief in support_____

**16. RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See brief in support.

Signed on this the 26TH day of October, 2004.

*Darryl Ford*
Signature of petitioner

I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.

Executed on: October 26TH, 2004.

*Darryl Ford*
Signature of petitioner

DEV 1330.13
October 29, 1998
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9, WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC/IDC ACTIONS. INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: Darryl Ford    REG. NO.: 08943-040    UNIT: P-B

DATE BP-9 REQUESTED: _____

DATE BP-9 ISSUED: _____

DATE BP-9 RETURNED: _____

INMATE'S COMPLAINT: Regarding an Illegal Sentence In violation of The 6th Amendment. Relief of Reduction of sentence And./or a Immediate Release.

RELIEF REQUESTED: Wants Sentence Vacated

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: Unable to resolve as it lies w/ Sentencing Court.

CORRECTIONAL COUNSELOR: [signature]    DATE: 10/25/04

UNIT MANAGER'S COMMENTS/ASSISTANCE: Contacted legal. inmate was informed he did not have to exhaust Administrative Remedy as the BOP has No authority to provide relief. However, the inmate wishes to continue Administrative Remedy process. Unable to resolve; relief can only be granted by the Sentencing Court.

UNIT MANAGER: [signature]    DATE: 10/25/04

# UNITED STATES DISTRICT COURT

For the            Massachusetts

Darryl Ford

   Plaintiff

V.

David L. Winn

   Defendant

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

CASE NUMBER:

I, __Darryl Ford__ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant      ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?    ☒ Yes    ☐ No    (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? __No__ Do you receive any payment from the _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?    ☐ Yes    ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.    N/A

3. In the past 12 twelve months have you received any money from any of the following sources?

   | | | Yes | No |
   |---|---|---|---|
   | a. | Business, profession or other self-employment | ☐ Yes | ☒ No |
   | b. | Rent payments, interest or dividends | ☐ Yes | ☒ No |
   | c. | Pensions, annuities or life insurance payments | ☐ Yes | ☒ No |
   | d. | Disability or workers compensation payments | ☐ Yes | ☒ No |
   | e. | Gifts or inheritances | ☐ Yes | ☒ No |
   | f. | Any other sources | ☐ Yes | ☒ No |

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

## Inmate Inquiry

🖨 PRINT

Inmate Reg #:            08943040                        Current Institution:   Devens FMC
Inmate Name:             FORD, DARRYL                    Housing Unit:          P-1
Report Date:             10/08/2004                      Living Quarters:       P02-241L
Report Time:             1:29:11 PM

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 7769 |
| FRP Participation Status: | Completed |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 11/13/2001 |
| Local Account Activation Date: | 7/1/1991 |
| Sort Codes: | |
| Last Account Update: | 10/6/2004 6:46:48 PM |
| Account Status: | Active |
| ITS Balance: | $4.39 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|
| | | |

## Account Balances

| | |
|---|---|
| Account Balance: | $55.08 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $55.08 |
| National 6 Months Deposits: | $1,160.00 |
| National 6 Months Withdrawals: | $1,105.50 |
| National 6 Months Avg Daily Balance: | $26.85 |
| Local Max. Balance - Prev. 30 Days: | $100.93 |
| Average Balance - Prev. 30 Days: | $14.89 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETT

Darryl Ford )
    Petitioner, )
)
)
v. )
) Case Number:
)
Warden David L. Winn, ) Judge:
And The Federal Bureau )
Of Prisons, Federal Medical )
Center Devens, P.O. Box 880, )
Ayer, Massachusett   01432 )
    Respondents, )
)
)

PETITIONER'S MEMORANDUM AND MOTION IN SUPPORT OF
PETITIONER'S PETITION PURSUANT TO TITLE 28 U.S.C.A. 2241

Now comes the Petitioner, Darryl Ford, #08943-040, acting pro-se in the above entitled action humbly submits this memorandum and motion in support of Petitioner's petition pursuant to Title 28 U.S.C.A. 2241. The Petitioner states the following facts in support:

## JURISDICTION

The Petitioner, **Darryl Ford,** hereby alleges that first and foremost: he is in custody under or by the color or authority of the United States, and secondly, he is in custody for an act done or omitted in pursuance of an act of Congress, or an order, process, judgment or decree of a Court or judge of the United States. **SEE:** Title 28 U.S.C.A. 2241 (a)(c)(1)(3)(West 1999)(Emphasis added).

Further, Petitioner asserts that the remedy by motion under Title 28 U.S.C.A. 2255 is inadequate or ineffective to test the legality of actual detention. **SEE:** Title 28 U.S.C. 2255 "safety value clause," as cited in the case of **IN RE HANSARD,** 123 F.3d 922, 930 (6th Cir. 1997).

In extending further reference regarding the Petitioner's position in his above entitled action humbly submitted in this memorandum in support of his Petition pursuant to Title 28 U.S.C.A. 2241. Petitioner is seeking the answer to a Constitutional Federal question whereby the Petitioner was sentenced, to a sentence, 84 months above his or the statutory guidelines pursuant 3553 (b) of Title 18.

The Petitioner being a layman and not astute with the erudition of the law, nor having the empirical knowledge. The Petitioner could only deduce that something was wrong with his draconian sentence.

Furthermore, Petitioner is seeking the answer to yet another Constitutional federal question regarding his fifth and sixth amendments pertaining to his inordinate draconian sentence.

Because the Petitioner is barred by the gatekeeping provision

(1)

now codified in 2255 by the enactment of the Anti-Terrorism and effective Death Penalty Act of 1996 ("AEDPA"), he is duly entitled to instant claim under the habeas provision of Title 28 U.S.C. 2241 SEE: HANSERD, supra, citing UNITED STATES v. HAYMAN, 342 U.S. 205, 213-14 (1952).

### ARGUMENT IN SUPPORT

### THIS HONORABLE COURT HAS THE ESSENTIAL JURISDICTION TO ENTERTAIN A CONSTITUTIONAL FEDERAL QUESTION PERTAINING TO THE FIFTH AND SIXTH AMENDMENTS REGARDING THE MISAPPLICATION OR DIRECT VIOLATION OF THE SENTENCING GUIDELINES CAUSING AN EGREGIOUS MISCARRIAGE OF JUSTICE

Habeas Corpus jurisdiction and/or subject matter jurisdiction "Custody" to invoke habeas corpus review by a Federal Court, the Petitioner must satisfy two jurisdictional requirements.

1.) The status requirement that the Petition be on behalf of a person in custody pursuant to the judgment of a State or Federal Court.

2). The substance requirement that the Petition challenges the legality of that custody on the ground or grounds that it is in violation of the Constitution or Laws or treaties of the United States of America. SEE: Title 28 U.S.C.A. 2241 (a)(c)(1)(3).

In the instant case, there is no doubt Petitioner falls within the criterion satisfying both jurisdictional requirement regarding the Petitioner and the issue of subject-matter jurisdiction. Petitioner is in fact, within subject-matter jurisdiction. "Custody" regarding Petitioner's petition SEE: Title 28 U.S.C.A. 2241 (c)(3).

Petitioner is also "Alleging" a Constitutional Federal Question," on the grounds in violation of the Constitution and laws of the United States of America regarding the "Fifth and Sixth" Amendments, Laws and statutes, not forgetting the Fourteenth, "the equal protection of the laws". SEE: Title 28 U.S.C. 2241 (c)(3); Art. 1,9,

cl.3; Art. 1, 10, cl.1.

Historically, the Federal Courts limited habeas corpus review to prisoners who, at the moment the Federal petition was actually adjudicated, and were seeking release from actual physical confinement, by challenging the particular judgment of conviction or sentence that was responsible for that confinement.

However more recently, "stifling formalism" and arcane and scholastic procedural requirements" have given way, permitting the transformation of habeas corpus into a modern, generally available, any essentially Appellate post-conviction procedure. **SEE: JONES v. CUNNINGHAM**, 371 U.S. 236 (1963), the watershed Supreme Court decision in this respect. This trend has continued recently. **SEE: GARLOTTE v. FORDICE**, 515 U.S. 39 (1995): **SEE ALSO: SPENCER v. KEMNA**. 523 U.S. 1, 7-12 (1998)(similar to **MALENG**, infra): **MALENG v. COOK**, 490 U.S. 488, 492 (1989)(per curiam)(Court has "very liberally construed the 'in custody' requirement for purposes of Federal habeas" and found "custody whenever" Petitioner suffers [some] present restraint from a conviction").

There comes a time when legal proceeding come into direct conflict with a person's basic human and Constitutional rights. In the instant case, to the extent that the Petitioner can discern that: the government argues principally that Congress (and in turn the Sentencing Commission) anticipated that the Guidelines generally _'would be applied based on fact-finding by the Sentencing Court, not a jury.'_ **SEE:** U.S. Br. 46-49. That is not, however, an argument against severability; _it is instead a recitation of characteristic of the guidelines that violates the Sixth Amendment._

(3)

The SRA and the Guidelines were both developed with the explicit and overriding purpose of limiting judicial sentencing discretion. Congress's concern with the role of Judges in sentencing was **clear** both to the SRA's supporters and opponents.

Compare **130 CONG. REC. 976** (1984)(statement of Sen. Laxalt) ("The present problem with disparity in sentencing *** stems precisely from the failure of [F]ederal Judges - individually and collectively - to sentence similarly situated defendants in a consistent, reasonable manner. There is little reason to believe that Judges will now begin to do what they have failed to do in the past.") with id. at 973 (statement of Sen. Mathias)(The proponents of the bill *** **argue in essence that Judges cannot be trusted. You cannot trust a Judge *** you must not trust a Judge.").

By transforming judicial fact-finding from a vice that Congress sought to limit into a value that it sought to preserve, the government thus turns both logic and history on their heads, instead of pursing a fair and just sentence according to the laws and Constitution of the United States of America. Thus, having total disregard, .... and seeking inordinate draconian sentences, knowing it is unconstitutional as well as against the laws and treaties of the United States.

The Federal Courts have long interpreted the habeas corpus statutes **Federal question requirement**, ... that the prisoner's "Custody" be in violation of the constitution or laws or treaties of the United States... to reach all important Federal law questions ... including all Federal Constitutional claims, and all "fundamental" Federal statutory claims arising in the process by which a prisoner

(4)

comes to be, ... or is kept, in custody. **SEE**: Title 28 U.S.C. 2241 (c)(3)(1994). **ACCORD DIKERSON v. UNITED STATES,** 530 U.S. 428 N.3 (2000)("habeas corpus proceeding is available only for claims that a person is in custody in violation of the Constitution or laws or treaties of the United States.")(citing Title 28 U.S.C. 2254(a): **WITHROW v. WILLIAMS**, 507 U.S. 680, 715 (1993)(Scalia J., concurring in part and dissenting in part), by statute.... A Federal Habeas Court has jurisdiction over **"ANY"** claim that a prisoner is in custody in violation of the constitution or laws of the United States. **SEE**: Title 28 U.S.C. 2241 (c)(3): and **DUNNE v.HENMAN**, 875 F.2d, 244, 248 (9th Cir. 1989), District Court had subject-matter jurisdiction because Petitioner filed under Title 28 U.S.C. 2241 alleged Federal question.

### FACTS OF THE CASE

1. On or abut June 11th, 1997, Darryl Ford was indicted on one count, indictment was for Conspiracy to Posses with Intent to deliver cocaine and cocaine base.

2. On or about June 11th, 1997, Darryl Ford was released on a O.R. bond. Due to his serious health releated problems.

3. On or about October of 1997, Darryl Ford was reindicted on a superseding indictment, whereas four more persons were added to the indictment.

4. On or about January 26th, 1998, Darryl Ford went to trial.

5. On or about February 3rd, 1998, Darryl Ford was found guilty of Count One.

6. On or about February 3rd, 1998, Darryl Ford was put on house arrest, or home confinement.

7. On or about April 29th, 1998, Darryl Ford was sentenced to 235 months imprisonment with 5 years supervised release.

8. However, again due to Ford's serious health problem Ford was to remain on home confinement until august 14th, 1998 until he self-surrendered to the Federal Medical Center located in Springfield, Missouri.

9. On or about May 7th, 1998, Darryl Ford's lawyer David Garrett filed a motion to appeal his conviction.

10. On or about October 24th, 1999, Darryl Ford had his oral arguements on his appeal brief.

11. On or about February 12th, 1999, Darryl Ford's appeal was denied.

12. On or about August 17th, 2000, Ford filed his habeas corpus 2255.

13. On or about March 8th, 2001, Ford's motion was denied.

14. On or about July 19th, 2001, Ford filed a motion for appealability to the Court of appeals for the Sixth Circuit.

15. On or about September 21st, 2001, Ford's motion for appealability was denied by the Sixth Circuit Court of Appeals.

Darryl Ford now bring this 28 U.S.C. 2241 before this Honorable Court as followed.

### ARGUMENTS IN SUPPORT OF THIS PETITION

In the instant action it is clear to see that the Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the Sentencing Court sentenced Petitioner to a sentence that the Court had no jurisdiction to sentence illegal sentences, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment of the United

States Constitution for the United States of America.

In 1998, the Petitioner was sentenced to a term of 235 months (19yrs, 6 months), for Conspiracy to possess with intent to distribute and to distrubute cocaine and cocaine base which was deemed a Count One in the original indictment, in violation of Title 21 U.S.C.A 846 and 841(a)(1).

Petitioner was diagnosed with renal failure secondary to Glomerulonephritis, an inherited disorder. Petitioner has been on hemodialysis since 1991, and all vascular assess had been exhausted. Petitioner currently receives peritoneal dialysis, a procedure that increases the risk of infection, and has been treated for peritonitis, a potentially life threatening intra-abdominal infection. While Petitioner's life expectancy is uncertain, Petitioner **will die without a kidney transplant. See EXHIBIT (1) Letter from Kathleen Kennedy.**

While Petitioner medical conditions may meet the medical criteria for a reduction in sentence (RIS), a RIS is not assured simply because Petitioner has been diagnosed with a life-threatening or terminal medical condition.

At the time the presentence investigation report (PSR) was prepared, The Sentencing Court was aware that Petitioner was in chronic renal failure and would eventually need a kidney transplant. *** **THAT TIME HAS COME.**

On or about May 30th, 2004, a transplant team at the University of Massachusetts Transplant Center evaluated Petitioner, and is continuing to follow their established process of evaluation to place Petitioner on the cadaver kidney transplant list.

However, on September 30th, 2004, Petitioner spoke with a Dr. Jefferey Stoff, head transplant doctor, at U-Mass Memorial, and

(7)

he advised Petitioner that Petitioner would not be receiving a kidney transplant from a cadaver donor because the New England area has over 2,500 patients and children who are waiting on kidney transplantation. **Please note:** Letter from Warden David L. Winn (1), Letter from Kathleen M. Kenney, Assistant Director/ General Counsel (2), and pages 28-30 "verdict transcript" (3) **SEE: EXHIBIT (2).**

All of the above brings Petitioner to be-death-on or to eradicate Petitioner's draconian sentence that is in violaton of Petitioner's Fifth, Sixth, and Fourteenth Amendment under **BLAKELY,** the Federal Sentencing Guidelines violates the Sixth Amendment. **SEE: BLAKLEY v. WASHINGTON,** 542 U.S.___(2004).

In the instant case at bar, Petitioner's due process of law was violated when the Sentencing Court failed in giving Petitioner his due process of his jury that requires the application of the rule that were expressed in **APPRENDI v.NEW JERSEY,** 530 U.S. 466, 490 (2000): "other than the fact of a prior conviction, any fact that increase the penalty for a crime beyond the **prescribed** statutory maximun must be submitted to a jury, and proved beyond a reasonable doubt". SEE: [illegible handwriting]

Whereas, the Sentencing Court violating Petitioner's Due process, thus, violates Petitioner Fourteenth Amendment "nor deny to any person within it's jurisdiction the equal protection of the Laws". Which also touches Section (3) of the Fourteenth Amendment "no person who, having previously taken an oath to support the Constitution of the United States shall have engaged in insurrection or rebellion against the same thereof. But Congress may by a vote

(8)