UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DARRYL FORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 04-40232-NG |
| | ) |
| DAVID L. WINN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

For the reasons stated below, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 shall be dismissed.

## FACTS

On November 4, 2004 Petitioner Darryl Ford, currently an inmate at FMC Devens in Ayer, MA, filed his *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. §2241, seeking to vacate his conviction and/or to for a reduction in sentence, in light of the Blakely decision. Blakely v. Washington, __U.S.__ (124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004)[1]. Ford also seeks immediate release and/or a reduction in sentence based on his serious medical condition (renal failure). Petitioner concedes that at the time the Presentence report was prepared, the sentencing court was aware that Ford was in chronic renal failure and would eventually need a kidney transplant. Ford also filed an Application to proceed *in forma pauperis* (Docket no. 2).

---

[1] The United States Supreme Court in Blakely revisited the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) holding that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury and must be proved beyond a reasonable doubt. Blakely, 124 S. Ct. at 2536.

On or about June 11, 1997, Petitioner Ford was indicted in the U.S. District Court for the Western District of Michigan, and on or about February 3, 1998 was tried and found guilty of Conspiracy to possess with intent to distribute cocaine/cocaine base, in violation of 21 U.S.C. §846. On April 29, 1998, Ford was sentenced to 235 months in prison with 5 years of supervised release. Due to his health problems he was allowed to self surrender to the Federal Medical Center in Springfield, Missouri. On May 7, 1998, Ford appealed his conviction, and on February 12, 1999 the appeal was denied. On August 17, 2000, Ford filed a motion under 28 U.S.C. §2255, based on ineffective assistance of counsel and Apprendi claims, which was denied on March 8, 2001. On July 19, 2001, Ford filed a motion for a Certificate of Appealability with the Court of Appeals for the Sixth Circuit. That motion was denied by the Sixth Circuit on September 21, 2001.(Petitioner's Memorandum in Support of Petition, page 6). In this §2241 petition pending before this Court, Ford asserts that the guideline range for sentencing was 121 to 151 months, and that he was given 84 months above the guideline range, based on the quantity of the controlled substance, which was not charged in the Indictment, in violation of Blakely.

With respect to his additional claim presented in the petition for a reduction in sentence, Ford claims he will die without a kidney transplant. It appears from Exhibit 1 of Ford's attachment to the petition that Ford made a request for a reduction in sentence (RIS) pursuant to 18 U.S.C. §3582(c)(1)(A)(i)[2] to the Federal Bureau of Prisons (BOP). On September 16, 2003, the Warden,

---

[2]Title 18 U.S.C. section 1852(c) provides:

**(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--

David L. Winn, submitted a request to the prosecuting Assistant United States Attorney inquiring of her views about Ford's compassionate release request, indicating that prior to submitting the request through the appropriate channels, he was required to solicit the opinion of the prosecutor. (Exhibit 2, page 1).  In a Memorandum to David Winn, Warden of FMC Devens, from Kathleen M. Kenney, Assistant Director/General Counsel for the BOP, dated June 10, 2004, Ford's request was denied by a

---

**(1)** in any case--

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> **(i) extraordinary and compelling reasons warrant such a reduction**; or
>>
>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added).

final administrative decision. After investigation, the BOP found that Ford may meet the medical criteria for a RIS, however, the BOP looked to the totality of circumstances and public safety concerns and determined that it would be inappropriate to release Ford at that time, notwithstanding that he was in chronic renal failure and would eventually need a kidney transplant. The BOP indicated Ford could request reconsideration of his RIS request "if the transplant center advises that he is not a viable transplant candidate and his condition further deteriorates." (Exhibit 2, page 2). No motion pursuant to 18 U.S.C. §3582(c)(1)(A)(i) was filed in court by the Director of the BOP.

## ANALYSIS

### I. The IFP Application Is Allowed

Ford seeks in forma pauperis, to have the $5.00 filing fee waived. Based on his certified prison account balance for the past six months of $18.26, and the accompanying financial affidavit indicating Ford has no assets or income, I find the Petitioner qualifies for in forma pauperis status and hereby Grant the Application to proceed Without Prepayment of Fees (Docket No. 2).

### II. The Court May Screen This Action Pursuant to Sections 1915

To the extent Ford seeks to bring this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, the petition may be screened and summarily dismissed under the rules applicable to habeas petitions. See McFarland v. Scott, 512 U.S. 849, 856 (1994)(habeas petition may be dismissed if it appears to be legally insufficient on its face); 28 U.S.C. §2243 (habeas petition may be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law); Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994)(same).

### III. Subject Matter Jurisdiction: §2241 habeas petitions versus §2255 motion to vacate

As a threshold matter, it is imperative to determine whether Ford's claims may properly be raised pursuant to a §2241 habeas petition[3], or must be brought as a motion to vacate, set aside, or correct sentence, pursuant to §2255[4]. Such determination bears not only on whether a

---

[3] Section 2241 provides as follows:

**(a)** Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

**(b)** The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

**(c)** The writ of habeas corpus shall not extend to a prisoner unless--

   **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

   **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

   **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States; or

   **(4)** He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

   **(5)** It is necessary to bring him into court to testify or for trial.

**(d)** Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

[4] Section 2255 provides, in relevant part:

filing fee is imposed[5], but also on the question whether this Court has jurisdiction to review the

---

2255. Federal custody; remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

\*\*\*

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

\*\*\*

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

**(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

**(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner's claims.

A section 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian; whereas a motion under section 2255 must be brought in the sentencing court. United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000). The basis for this distinction is that a writ of habeas corpus under §2241 must be "directed to the person having custody of the person detained." 28 U.S.C. §2243; Braden v. 30th Judicial Circuit, 410 U.S. 484, 499-500 (1973); Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert denied, sub nom., Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord, Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001).

A petition for writ of habeas corpus under §2241 generally challenges the manner, location, or conditions of a sentence's execution. Gonzalez, 150 F. Supp. 2d at 240; accord, United States v. Barrett, 178 F.3d at 50 n. 10 (§2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same). By contrast, a motion to vacate, set aside, or correct a sentence under §2255 provides the primary means of a collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976)(§2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000)(motion under §2255 is the

---

[5]There is a $5.00 filing fee for the filing of a 2241 petition, however there is no fee for filing a 2255 motion. Since Ford qualifies for *in forma pauperis* status, and I have granted the application to proceed *in forma pauperis*, the fee issue is mooted in this particular case.

"exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."). On this reasoning, since it appears Petitioner Ford's Blakely challenge is attacking not the "execution" of the sentence, but the actual terms of the sentence itself, the proper district for Ford to attack his enhanced sentence is the Western District of Michigan, subject to the limitations imposed as a second or successive petition, to be addressed, supra.

While both provisions of §2241 and §2255 authorize challenges to the legality of Ford's continued federal custody, "[i]t is well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3rd Cir. 2001)(comparing §2241 and §2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973). The rationale behind this is that under general circumstances, the use of a §2241 petition rather than a §2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions. Coady, 251 F.3d at 484-485. [6]

In this case, because Ford previously filed a §2255 motion in the Western District of Michigan, that was denied on the merits, any §2255 motion filed by him would constitute a "second or successive"

---

[6] Moreover, §2255 gives the court more flexibility in fashioning a remedy than a habeas writ. In Re Hanserd, 123 F.3d 922, 925 (6th Cir. 1997). Another consideration is that "...inter-district comity and practicality suggest that the original sentencing court is better positioned to reevaluate a federal prisoner's conviction and sentence." Hansferd, 123 F.3d at 925. Additionally, "because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral as opposed to direct attack." United States v. Hultman, 2004 WL 1920696, at *2 (D. Conn. 2004), citing Ciak v. United States, 59 F.3d 296, 301 (2nd Cir. 1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002). Finally, unlike a §2255 motion, no Certificate of Appealability is required in a §2241 proceeding. Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001).

petition. See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000)(a petition is "second or successive" when a previous habeas petition has been decided on the merits); cf. Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000).  Before a party can file a "second or successive" §2255 motion, the motion must be certified by the appropriate Court of Appeals, as provided in section §2244, to contain (1) newly discovered evidence..., or (2) **a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable**.  28 U.S.C. §2255 (emphasis added).  It is this latter provision upon which Ford relies in asserting his Blakely challenge.  The requirement that a motion to file a second or successive petition be filed in the Court of Appeals is an allocation of subject matter jurisdiction to that court.  See United States v. Barrett, 178 F.3d at 41; See also, Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)(district court may not consider a second or successive habeas application absent proper authorization from the Court of Appeals).

  Recent case law involving collateral attacks to sentences pursuant to Blakely, demonstrate that the proper vehicle for such a challenge is through a §2255 motion rather than a §2241 habeas petition or some other basis.  See, e.g., United States v. Yett, 2004 WL 2368216 (5th Cir. October 21, 2004)(Blakely challenge not cognizable in the context of a motion under 18 U.S.C. 3582(c)(2))(not selected for publication); United States v. Stewart, 2004 WL 2270015, at *1 (D. Me, October 5, 2004)(same; motion made under Fed. R. Crim. P. 35); United States v. Willis, 2004 WL 1918893, at *1 (N.D. Ill., July 12, 2004); See also Cuevas v. C.J. DeRosa, 386 F.3d 367 (1st Cir. October 22, 2004)("...if the Supreme Court in the future makes Blakely retroactive, the petitioner may at any time attempt to assert a claim by means of a second or successive §2255 petition."); Garland v. United

States of America, 2004 WL 1593438, at *1-2 (N.D. Tex. 2004))(petitioner precluded from bringing Blakely challenge to conviction under 28 U.S.C. §2241, notwithstanding fact petitioner may be precluded from raising this claim in a second or successive §2255 motion).

Therefore, Ford's challenge to his sentence under Blakely is more appropriately raised in the context of a §2255 motion, before the sentencing judge in the district in which he was sentenced, i.e. the Western District of Michigan. However, since such a motion would be a "second or successive" motion, Ford must seek permission from the Sixth Circuit Court of Appeals, to file such a motion.

### IV. Petitioner has failed to show that the remedy under §2255 is inadequate or ineffective so as to invoke §2241 relief.

Notwithstanding the foregoing discussion finding Ford's challenge to be more properly asserted as a §2255 motion, habeas relief under §2241 "may be appropriate when the remedy provided under section 2255 is inadequate or ineffective." Garland, 2004 WL 1593438 at *1, citing Jeffers v. Chandler, 253 F.3d 827, 830-831 (5th Cir. 2000), cert. denied, 534 U.S. 1001 (2001). A §2241 petition "may be entertained when the so-called "savings clause" in §2255 is satisfied by the petitioner. Jeffers, 253 F.3d at 830. That clause, states, in relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

Jeffers, 253 F.3d at 830 quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Here, citing this clause, Ford claims that a §2255 motion is inadequate or ineffective to test the legality of actual detention. (Petitioner's Brief in support, page 1). Apart from this bald assertion, Ford

fails to state specific factual reasons why such relief is inadequate or ineffective.  In any event, the fact that petitioner may be precluded from raising [the Blakely challenge] in a second or successive section §2255 motion does not make that remedy "inadequate or ineffective." Garland, 2004 WL 1593438 at *1, citing Jeffers, 253 F.3d at 830 ('a prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement does not make §2255 inadequate or ineffective.'). Moreover, the petitioner cannot merely substitute a §2255 motion for a §2241 petition, and the burden of proof with respect to inadequacy or ineffectiveness of a §2255 motion rests with the petitioner. Jeffers, 253 F.3d at 830.

> V.   A collateral attack on Petitioner's sentence via a Blakely challenge is premature.

Here, Ford seeks to proceed under §2241 based on a new rule of law as set forth in Blakely. However, Petitioner has not attempted to challenge his conviction via a §2255 motion and therefore utilization of a §2241 petition is premature.  Moreover, a challenge under §2255 grounded in Blakely would likewise be premature at this time, because the Supreme Court has not yet decided whether Blakely is applicable to the guidelines.  See Cuevas, 2004 WL 2367356, at *1.   Additionally, the Supreme Court has not declared Blakely to be a new rule of law retroactively applicable on a collateral attack.  This is a prerequisite to a collateral review. If, in the future, the Supreme Court holds that the reasoning in Blakely not only applies to the sentencing guidelines, but also applies retroactively, Ford may at that time attempt to assert a challenge to his sentence by means of a §2255 petition. See also, Simpson v. United States, 376 F.3d 679, 6810682 (7th Cir. 2004); Garland, 2004 WL 1593438, at *1; Schaffner v. Leblanc, 2004 WL 2370684, at *2 (D. Minn. October 4, 2004)(Supreme Court has not held Blakely to be retroactively applicable); In Re Dean, 375 F.3d 1287 (11th Cir. 2004)(Supreme

11

Court has not expressly declared <u>Blakely</u> to be retroactive).

Thus, even though Petitioner's request under §2255 would fail at this time, that does not imply §2255 is procedurally defective so as to invoke the availability of §2241 relief.  <u>Schaffner</u>,  2004 WL 2370684 at *2.

Although I find Ford's claims should be asserted in a §2255 motion, I will not *sua sponte* convert this §2241 petition into a §2255 motion for the reasons discussed above, nor will I transfer this action to the Western District of Michigan or the Sixth Circuit.  <u>See, e.g.</u> <u>Simon v. United States</u>, 359 F.3d 139 (2nd Cir. 2004)(conversion of a motion into 2241 habeas petition was in error and prejudicial to prisoner).  Ford's §2241 petition, insofar as it asserts <u>Blakely</u> challenges, is dismissed for the reasons set forth in this Memorandum and Order.

    VI.    <u>Petitioner's Motion for Reduction in Sentence due to extraordinary medical condition pursuant to 18 U.S.C. §3582(c)(1)(A)(i) is not cognizable</u>.

In his §2241 petition, Ford also raises a claim for immediate release or a reduction of sentence under 18 U.S.C. §3582(c).  The authority of a District Court to alter a valid sentence is limited to authority conferred by federal statute.  <u>United States v. Zsofska</u>, 121 F.3d 696 (1st Cir. 1997).  There is no inherent authority to modify a sentence once imposed.  <u>United States v. Ross</u>, 245 F.3d 577, 586 (6th Cir. 2001); <u>United States v. Caterino</u>, 29 F. 3d 1390, 1394 (9th Cir. 1994). Under 18 U.S.C. §3582(c), a court "may not modify a term on imprisonment once it has been imposed, except in three limited circumstances." <u>United States v. Smartt</u>, 129 F.3d 539, 540-541 (10th Cir. 1997).  <u>See also</u> <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996); <u>United States v. Johnigan</u>, 2002 31928438, at *2 (D. Kan. 2002); <u>United States v. Maldonado</u>, 138 F. Supp. 2d 328 (E.D.N.Y.

2001). First, a court may reduce a sentence of imprisonment if it finds special circumstances, but only upon motion of the Director of the BOP. §3582(c)(1)(A)(i). Second, a sentence may be modified if otherwise expressly authorized by statute or by Rule 35 of the Federal Rules of Criminal Procedure. §3582(c)(1)(B). Third, a modification may be made if the sentencing range has "subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. 944(0)." §3582(c)(2).

In this case, Ford invokes the first of these provisions, §3582(c)(1)(A)(i), arguing that extraordinary and compelling reasons exist for such a reduction, based on his medical condition (renal failure and the need for a kidney transplant). Since Ford's expected release date is approximately 2015, he contends he would otherwise die in prison. Ford has exhausted administrative avenues and his request for a reduction in sentence was ultimately denied by the Federal Bureau of Prisons (BOP) after investigation of the request. Thus, no motion has been filed by the Director of the BOP, as required under §3582(c)(1)(A)(i). As a result, Ford is ineligible for the relief he seeks under §3582(c)(1)(A)(i), and there is no authorization under that statutory provision for the Court to modify Ford's sentence. See United States v. Smartt, 129 F.3d at 541; United States v. Johnigan, 2002 WL 31928438, at *3; United States v. Donahue, 2001 WL 474417, at *2 (E.D. Pa. 2001)(court has no jurisdiction to reduce sentence because of subsequently diagnosed illness after sentence has been imposed, absent a motion of the Director of the Bureau of Prisons).

Accordingly, to the extent that Ford seeks release or reduction of his sentence under 18 U.S.C. §3582(c)(1)A)(i), I find there is no jurisdiction of this Court to grant such relief, and the motion is Denied.

13

<blockquote>

VII.   <u>Any Motion for Downward Departure/Eighth Amendment violation must be raised in a 2255 context</u>.

</blockquote>

To the extent Ford raises other claims apart from 18 U.S.C. §3582(c) on other constitutional grounds, those claims must be brought in a §2255 motion in the District in which he was sentenced. However, as noted previously, Ford would first have to obtain permission from the Sixth Circuit Court of Appeals, as such a petition would be a "second or successive" one.

Although there is arguably a rift in the case law as to whether a petitioner may sustain a §2241 petition based on the BOP's denial of a request for compassionate release, most cases have dealt with the reduction in sentence issues in the context of a §2255 motion, and not a §2241 habeas petition. The case finding to the contrary is distinguishable from the case at bar. <u>See, e.g.</u> <u>Phillips v. United States</u>, 836 F. Supp. 965 (N.D.N.Y. 1993) (where petitioner's sentence was ineligible for modification under §3582(c) and petitioner raised some claims (e.g. that his sentence should have been lowered due to his medical condition)); <u>McFadden v. United States</u>, 1996 WL 67678 (S.D.N.Y. 1996)(deteriorated medical condition did not provide constitutional or jurisdictional basis to vacate sentence under §2255); <u>Caldwell v. United States</u>, 992 F. Supp. 363, 366 (S.D.N.Y. 1998)(Eighth Amendment rights of prisoner not violated by remaining in prison rather then released to home detention in view of leukemia diagnosis; issue raised under §2255); <u>United States v. Holland</u>, 1996 WL 208482 (D. Mass. 1996).

In <u>Holland</u>, <u>supra</u>, Judge Young entertained a §2255 petition based, *inter alia*, on petitioner's claims with respect to his medical condition. Originally, the petitioner had filed the petition in the Middle District of Pennsylvania, the district in which he was incarcerated, as a §2241 petition

14

challenging his sentence and conviction. The action was later transferred to Judge Young, as the sentencing judge.

In Maldonado, supra, a case seemingly coming to a contrary finding, the district court held that it had the authority under §2241 to review the BOP's denial of a request for reduction in sentence, noting: "The ordinary vehicle for a federal prisoner to seek habeas relief is 28 U.S.C. 2255, under which the prisoner may have his sentence vacated or set aside." United States v. Maldonado, 138 F. Supp. at 332. (citations omitted). "Because [petitioner] is requesting an early or compassionate release or reduction in his sentence based on his conduct while in prison, the court finds that [petitioner's] petition is a challenge to the execution, rather than to the underlying conviction. Accordingly, a 2241 is the proper vehicle for review." Id. (emphasis added).

Maldonado, however, is distinguishable from the case at bar. Although in both cases petitioners sought a compassionate release reduction in sentence, the grounds for such request are different. Here, Ford seeks the request based on his medical condition. In Maldonado, the petitioner argued for an early release date based on "extreme institutional rehabilitation" in connection with his work in the Bicycle shop, restoring discarded bicycles. As in Ford's case, petitioner based his request under §3582(c)(1)(A), and the BOP denied the request, finding it an insufficient justification for a sentence reduction on that provision. United States v. Maldonado, 138 F. Supp. at 332. The Maldonado Court, hoever, was not considering any claim of serious medical condition as a grounds for reduction in sentence; rather, the crediting for rehabilitation efforts was likened to a calculation of good time credit. Id. Proper calculations of time served are properly raised under §2241, as going to the heart of the execution of a sentence. Here, Ford is not raising this type of claim, and therefore cannot

15

sustain a §2241 petition under the Maldonado rationale..

Similarly, to the extent Ford challenges his incarcerative sentence by seeking a downward departure based on his serious medical condition (a factor which was previously addressed in the Presentence Report), those claims must also be presented by way of a §2255 motion. See, e.g. United States v. Bravo, 203 F.3d 778 (11th Cir. 2000)(following sentence, defendant's downward departure motion based on his renal failure and need for kidney transplant rejected). Moreover, although not raised here, should Ford claim an Eighth Amendment violation for deliberate indifference to his medical needs, such a collateral attack on his sentence must be raised before the sentencing court under §2255. See Bravo, 203 F.3d at 782; Caldwell v. United States, 992 F. Supp. at 366.

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, Petitioner's Application to Proceed *in forma pauperis* is ALLOWED, and the Petitioner's §2241 habeas petition is DISMISSED.

SO ORDERED.

Dated at Boston, Massachusetts, this 18th day of November, 2004.

/s/ Nancy Gertner
NANCY GERTNER
UNITED STATES DISTRICT JUDGE