UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Darryl Ford<br>　　Petitioner | )<br>)<br>)<br>)<br>) | |
| v. | )<br>) | C.A. NO:: 04-40232-NG<br>Honorable Judge: Nancy Gertner |
| David L. Winn<br>　　Respondent | )<br>)<br>) | |

MOTION FOR RECONSIDERATION REGARDING
THIS HONORABLE COURT'S MEMORANDUM
AND ORDER DATED NOVEMBER 18, 2004
IN THE DISMISSAL OF PETITIONER'S PETITION
UNDER 28 U.S.C. 2241

　　**NOW COMES**, the Petitioner, Darryl Ford #08943-040, acting Pro Se in the above entitled action humbly requests leave for Reconsideration of this Most Honorable Court's Memorandum and Order in the Dismissal of Petitioner's Petition under 28 U.S.C. 2241. Petitioner humbly submits the following facts in support thereof.

Dated: 1-06-05

## FACTS OF CASE

1. On November 4, 2004 Petitioner Darryl Ford, currently an inmate at FMC Devens in Ayer, Ma. filed his Pro Se petition for Writ of Habeas Corpus under 28 U.S.C. 2241, seeking to Vacate his Conviction and/or for a Reduction in Sentence(Correction of Sentence), in light of the **Blakely** decision. **Blakely v. Washington,** __U.S.__, 159 Led 2d 403 (2004).[1]

2. Petitioner also were seeking release and/or reduction in sentence based on his serious medical condition (renal failure). However this issue is now moot. Petitioner received his kidney transplant.

3. Petitioner also filed an application to Proceed in Forma Pauperis (Docket No. 2). This Honorable Court granted the application to proceed without prepayment of fees.

4. On or about June 11, 1997, Petitioner was indicted in the U.S. District Court for the Western District of Michigan, and on or about February 3, 1998 was tried and found guilty of Conspiracy to Possess with Intent to Distribute Cocaine/Cocaine base, in violation of 21 U.S.C. 846.

5. On April 29, 1998, Petitioner was sentenced to 235 months in prison with 5 years of supervised release.

6. On May 7, 1998, Petitioner appealed his conviction, and on February 12, 1999 the appeal was denied.

7. On August 17, 2000 Petitioner filed a Motion under 28 U.S.C. 2255 based on ineffective assistance on counsel and **Apprendi** Claims, which was denied on March 8, 2001.

---

1) The United States Supreme Court holds that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum(in this case, 235 months which the Petitioner is "actually innocent" of the higher sentence), other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.

-1-

8. On July 19, 2001, Petitioner filed a Motion for a Certificate of Appealability with the Court of Appeals for the Sixth Circuit. That Motion was denied by the Sixth Circuit on September 21, 2001.

9. In this § 2241 petition pending before this Honorable Court, Petitioner asserts that the guideline range for sentencing was 121 to 151 months, and that he was given 84 months above the **alledged** guideline range, based on the **alledged** quantity of the controlled substance, which was not charged in the indictment, in violation of **Blakely** and **Apprendi**.[2]

10. The constitutional question, however, is whether the 235 months sentence imposed on Petitioner was permissible, given that it was above the 151 month maximum for the alledged offense charged in that count. The finding is legally significant because it increased *** **indeed, it's 84 months above the maximum range within which the Judge could exercise his discretion**, converting what otherwise was a maximum 151 month sentence on that Count into a minimum 235 month sentence.

11. The substantive basis for the Trial Court's enhancement is thus not at issue; the adequacy of the Court's procedure is. The strength of the government's interests that are served by the crime legislation has no more bearing on this procedural question than the strength of the interests served by other provisions of Criminal Code.

12. A Judicial construction of a statute is an authoritative statement of what the statute meant **before as well as after the decision of the case giving rise to that Construction. See: Rivers v. Roadway Express, Inc.,** 128 Led 2d 274 (1974).

---

2) Given that it exceeds the alledged 121 to 151 months maximum for the offense not charged in the indictment is foreshadowed by the holding in **Jones v. United States**, 526 U.S. 227, that, with regard to Federal Law, the Fifth Amendment's Due Process Clause and the Sixth Amendment's Notice and Jury Trial Guarantees require that any fact other than prior conviction that increases the maximum penalty for a crime must charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. **Apprendi v. New Jersey.**

-2-

13. Petitioner has now filed a Petition for Writ of Habeas Corpus, invoking § 2241, in the District of Massachusetts relying on **Apprendi v. New Jersey**, 120 S. Ct. 2348 (2000) and **Blakely v. Washington**, 159 Led 2d 403 (2004).

14. Petitioner argues that his § 846 conviction resulted from constitutionally deficient jury instructions. In **Apprendi** and **Blakely**, the Supreme Court concluded that a jury in a § 846 conspiracy trial must be instructed to find the facts that would otherwise support an enhancement of the sentence

15. Petitioner asserts that the jury instructions given at his trial did not include instructions requiring the jury to do this.

16. Petitioner further asserts that **Apprendi**, and **Blakely**, decisions did not announce a New Rule of Constitutional Law but merely applied settled principles of new facts the Court's comment on the significance of the **pre-Apprendi**, Jurisprudence applies equally to the **pre-Blakely** cases construing the Fifth and Sixth Amendments.

17. **Apprendi**, like **Blakely**, did not overrule any prior decisions of the Supreme Court; rather it held and therefore established that the prior decisions of the Court of Appeals which read sentencing factor terminations were incorrect. They were not wrong according to some abstract standard of interpretive validity, but by the rules that necessarily govern the hierarchical Federal Court system. CF. **Brown v. Allen**, 97 Led 469 (1953).

18. A Judicial construction of statute is an authoritative statement of <u>what the statute meant before as well as after the decision of the case giving rise to that Construction.</u> **Rivers v. Roadway Express, Inc.**, 128 L. Ed 2d 274. (1994)

---

120 S. Ct. 2348 (2000): **Blakely v. Washington**, 159 L. Ed 2d 403
<u>This Honorable Court has the essential jurisdiction to entertain a constitutional federal question pertaining to the Fifth and Sixth Amendments regarding the misapplication or direct violation of the sentencing guidelines causing an egregious miscarriage of justice under 28 U.S.C. 2241.</u>

19. Petitioner satisfy both jurisdictional requirements. The **Status Requirement**, as well as the **Substance Requirement**. **See**: 28 U.S.C. 2241 (a)(C)(1)(3).

20. The broad considerations bearing upon the proper interpretation of the power of the Federal Courts on Habeas Corpus are reviewed at length in the Supreme Court's opinion in **Fay v. Noia**, 9 L. Ed. 2d 837, and need not be repeated here. The Supreme Court has pointed out there that historic conception of the writ, anchored in the ancient Common Law and in our Constitution as an efficacious and imperative remedy for detentions of fundamental illegality, has remained constant to this day.

21. The Court further pointed out, that the **Act of February 5, 1867, C28, §1, 14 Stat 385-386**, which in extending the Federal to Writ to state prisoners described the power of the Federal Courts to take testimony and determine the facts **de novo** in the largest term, restated what apparently was the Common-law understanding.

22. **Fay v. Noia**, 9 L. Ed. 2d 855, Note 27. The hearing provisions of the 1867 Act remain substantially unchanged in the present codification. 28 U.S.C. § 2243. In construing the Mandate of Congress, so plainly designed to afford a trial-type proceeding in Federal Court for prisoners aggrieved by unconstitutional detentions, the Supreme Court has consistently upheld the power of the Federal Courts on habeas corpus to take evidence relevant to claims of such detention. "Since **Frank v. Mangum**, 237 U.S. 309, 331, this Court has recognized that habeas corpus in the Federal Courts by one convicted of a criminal offense is a proper procedure 'to safeguard the liberty of all persons within the jurisdiction of the United States against infringement through any violation of the Constitution,' even though the events which were alleged to infringe did not appear upon the face of the record of his conviction." **Hawk v. Olson**, 90 L. Ed. 61,64, **Brown v. Allen**, 97 L. Ed. 469, and numerous other cases have recognized this.

23. " It is the United States Supreme Court's responsibility to say what a statute means, and once the Court has spoken, it is the duty of the lower courts to respect that understanding of authority as the governing rule of law.

    A Judicial construction of a statute is an authoritative statement of what the statute meant **before as well as after the decision of the case giving rise to that Construction**." See: **Rivers v. Roadway Express, Inc.**, 128 L. Ed. 2d 274.

24. The rule could not be otherwise. The whole history of the writ---its unique development---refutes a construction of the Federal Courts habeas corpus powers that would assimilate their task to that of Courts of Appellate Review.

25. The function on habeas is different. It is to test by way of an original civil proceeding, independent of the normal * channels of review of criminal judgments, the very gravest allegations. Prisoners are entitled to relief on Federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state of federal action by the Federal Constitution. Simply because detention so obtained is intolerable, the opportunity for redress, which presupposes the opportunity to be heard, to argue and present evidence, must never be totally foreclosed. **See**: **Frank v. Mangum**, 59 L. Ed. 969, 987-989 (dissenting opinion of Mr. Justice Holmes).

26. However, more recently, "stafling formalism" and "arcane and scholastic procedural requirements" have given way, permitting the transformation of habeas corpus into modern, generally available, "any" essentially appellate post-conviction procedure. **See: Jones v. Cunningham**, 371 U.S. 236 (1963), the Watershed Supreme Court decision in thisrespect. This trend has continued recently. **See: Garlotte v. Fordice**, 515 U.S. 39 (1995): **Spencer v. Kemna**, 523 U.S. 1, 7-12 (1998)(similar to **Maleng**, infra): **Maleng v. Cook**, 490 U.S. 488, 492 (1998)(per Curiam)(court has "very liberally construed the 'in custody' requirement for the purposes of Federal habeas" and found "custody whenever" petitioner suffers [some]

-5-

present restraint from a conviction.").

27. The United States Supreme Court, in a per curiam opinion, expressing the unanimous views of the Court, it was held that since it did not appear beyond doubt that the inmate could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof.

28. And holds allegations of a pro-se complaint to less stringent standards than formal pleading drafted by lawyers.

29. A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. **See: Haines v. Kerner**, 30 L. Ed. 2d 652

30. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisoners, allegations such as those asserted by Petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.

    This Honorable Court **cannot** say with assurance that under the allegations of the pro-se Complaint, which the Supreme Court hold to less stringent standards than formal pleading drafted by lawyers, it appears **"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson**, 355 U.S. 41,45-46 (1957), 2 L. Ed. 2d 80,84: **See: Dioguardi v. Durning**, 139 F 2d 774 (CA2 1944).

    Accordingly, Petitioner's intimate in view of the merits of petitioner's allegations. Petitioner should be granted an opportunity to offer proof. **See: Haines v. Kerner**, 30 L. ED. 2d at 654.

31. It is the typical, \*\*\* not the rare, case in which constitutional claims turn upon the resolution of contested factual issues. Thus a narrow view of the hearing power would totally subvert Congress' specific aim in passing the Act of February 5, 1867, of

affording state or federal prisoners a forum in the Federal Trial Courts for the determination of claims of detention in violation of the Constitution. The language of Congress, the history of the writ, the decisions of the Supreme Court, all make clear that the power of inquiry on Federal habeas corpus is plenary.

Therefore, where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the Federal Court to which the application is made has the power to receive evidence and try the facts anew. **See**: **Townsend v. Sain**, 9 L. Ed. 2d 770.

32. This Honorable Court **cannot side step its Constitutional obligation of oath** to look into the unlawfully enhanced sentence of Petitioner. Under no circumstances did the Government strictly comply with the mandated provision of 3553(b) of that required by case law on this matter before this Honorable Court. **See**: **Harris v. United States**, 149 F. 3d 1304 (11 Cir. 1998): **Withrow v. Williams**, 507 U.S. 680, 715 (1999)(Scalia, J., concurring in part and dissenting in part), by statute... a Federal Habeas Court has jurisdiction over **"any"** claim that a prisoner is in custody in violation of the Constitution of laws of the United States. See also: Title 28 U.S.C. 2241(c)(3).

The principle of construction applies to sentencing provisions as well as to substantive criminal statutes. **See**: **BiFulco v. United States**, 65 L. Ed. 205 (1980).

33. Inasmuch to the considerations which in certain **cases may make exercise of that power mandatory**. The appropriate standard *** which must be considered to supersede, to the extent of any inconsistencies, the opinions in **Brown v. Allen**, 97 L. Ed. 469 *** is this: **Where the facts are in dispute, the Federal Court in habeas corpus must hold an evidentiary hearing** if the habeas applicant did not receive a full and fair evidentiary hearing in a State or Federal Court, **either at the time of trial or in a collateral proceeding**(28 U.S.C. 2255). In other words a **Federal Evidentiary Hearing is required** * **unless** the State or Federal Court trier of fact has **after a full hearing reliably found the revelant facts**.

-7-

34. The Federal Court must grant an evidentiary hearing to a habeas applicant under the following circumstances:

    IF (A) The merits of the factual dispute were not resolved in the State or Federal hearing;

    (B) The State or Federal factual determination is not fairly supported by the record as a whole;

    (C) The fact-finding procedure employed by the State of Federal Court was not adequate to afford a full and fair hearing;

    (D) There is substantial allegation of newly discovered evidence;

    (E) The material facts were not adequately developed at the State or Federal Court hearing; or

    (F) For any reason it appears that the State or Federal trier of fact did not afford the habeas applicant a full and fair hearing.

    (1) There **cannot** even be the semblance of a full and hearing **unless** the State or Federal Court actually reached and * decided the issues of fact tendered by the defendant.

35. Thus, if no express finding of fact have been made by the State Federal Court, the District Habeas Court must initially determine whether the State or Federal Court has impliedly found material facts. No revelant finding have been made **unless** the State or Federal Court decided the Constitutional Claim tendered by the defendant on the merits.

36. If relief has been denied in prior State or Federal Collateral Proceeding after a hearing but without opinion, it is often likely that the decision is based upon a procedural issue *** that the claim is not collaterally cognizable *** and not on the merits.

37. On the other hand, if the State or Federal hearing occurred in the course of the original trial *** for example, on a Motion to Suppress Allegedly Unlawful Evidence, as in the instant case *** it will usually be proper to assume that the claim was rejected on the merits.

38. If the **State or Federal Court** has decided the merits of the claim but has made no express finding, it may still be possible for the **District Habeas Court to reconstruct the finding of the State or Federal trier of fact, either because his view of facts is plain from his opinion or because of other indicia. In some cases this will be impossible, and the Federal District Habeas Court will be compelled to hold a hearing.** See: Townsend v. Sain, 9 L. Ed. 2d at 786.

39. Reconstruction is not possible if it is **unclear** whether the State or Federal finder applied **correct Constitutional standards in disposing of the claim.** Under such circumstances the District Habeas Court **cannot ascertain** whether the State or Federal Court found the law or the facts adversely to the Petitioner's contentions. **Since the decision** of the State or Federal trier of fact may **rest upon error of law rather than an adverse determination of the facts, a hearing is compelled to ascertain the facts.**

40. The possibility of legal error may be eliminated in many situations if the fact finder has articulated the Constitutional standards which he has applied. Furthermore, the coequal responsibilities of State and Federal Judges in the administration of Federal * Constitutional law are such that the **Supreme Court** think the district habeas judge may, in the ordinary case in which there has been no articulation, properly assume that the State or Federal trier of fact applied correct standards of Federal law to the facts, in the absence of evidence, such as was present in Rogers v. Richmond, **that there is reason to suspect that an incorrect standard was in fact applied.**

41. Under **Rogers v. Richmond**, a **new trial is required if** the trial judge or the jury, in finding the facts, **has been guided by an erroneous**

-9-

**standard of law**. However, there will be situations in which statements of the trier of fact will do no more than to create doubt as to whether the correct standard has been applied. In such situations **a District Habeas Court Hearing "to" determine the Constitutional issue will be necessary**.

42. In any event, even if it is clear that the State or Federal trier of fact utilized the proper standard, a hearing is sometimes required if his decision presents a situation in which the "**so-called facts and their Constitutional significance** [are] *** so blended that they **cannot** be severed in consideration." Roger v. Richmond, 365 U.S. at 546. See: Frank v. Mangum, 237 U.S. at 347.

43. Unless the district habeas judge can be **reasonably certain** that the State or Federal trier **would have granted relief** if he **had believed** Petitioner's allegations, he **cannot be sure** that the State or Federal trier **in denying relief 'disbelieved' these allegations**.

44. If any combination of the facts alleged would prove a violation of Constitutional Rights and the issue of law on those facts presents a difficult or novel problem for decision, any hypothesis as to the relevant factual determinations of the State or Federal trier involves the purest speculation. The Federal Habeas Court **cannot** exclude the possibility that the trial judge believed facts which showed a deprivation of Constitutional Rights an yet (erroneously) concluded that relief should be denied. Under these circumstances it is impossible for the Federal Habeas Court to reconstruct the facts, **and a hearing must be held**. Townsend v. Sain, 9 L. Ed. 770,787.

(2) The Supreme Court under the **stare decisis** has consistently held that State and Federal determinations not fairly supported by the record **cannot** be conclusive of Federal Rights. Fiske v. Kansas, 274 U.S. 380, 385, 71 L. Ed. 1108, 1110: Blackburn v. Alabama, 4 L. Ed. 2d 242, 249.

45. Where the fundamental liberties of the person are claimed to have been infringed, the Supreme Court carefully scrutinizes the State and Federal Courts record. See: e.g., Blackburn v. Alabama, (U.S.)

supra; **Moore v. Michigan**, 2 L. Ed. 2d 167,78. The duty of the Federal District Habeas Court on habeas is no less demanding.

46. In this instant case before this Honorable Court, it appears as if this Court is construing "Petitioner's Petition as a challenge to the **execution**, rather than to the underlying conviction. As this is so stated. Accordingly, a 2241 is the proper vehicle for review." Id.(emphasis added).

47. This Honorable Court is correct in its analysis where Petitioner is **"actually innocent"** of the higher enhanced sentence. **See**: **Bously v. United States**, 523 U.S. at 623, (1998). Indeed, there is no way the jury could convict the Petitioner of the enhanced penalties, because the judge in an arbitrary manner removed these facts in violation of the Fifth and Sixth Amendments in not charging the jury on these facts that increased his sentence in the liability portion of this trial violating the dictates of the traditional principles concerning **notice** and proof of the crimes set forth in **McMillan v. Pennsylvania**, 91 L. Ed.2d 67 (1986) and clarified again by the Supreme Court in its recent decision in **Dikerson v. United States**, 530 U.S. 428 N. 3 (2000): **Withrow v. Williams**, 503 U.S. 680, 715 (1993): **United States v. R.L.C.**, 117 L. Ed. 2d. 559 (1992): **Apprendi v. New Jersey**, 120 S. Ct. 2348 (2000): **Blakely v. Washington**,___U.S.____,159 L. Ed. 2d 403 (2004).

48. Therefore, notwithstanding, the Petitioner is "factually innocent" by demonstrating that "in light of all the evidence, it is more likely than not that **no reasonable juror** would have" found the enhancing factor. **See**: **Bously**, 523 U.S. at 623. The Petitioner's "actually innocent" clause falls within the "savings clause" and the 2255, is satisfied by the Petitioner. A § 2241 petition "may be entertained when the so-called **"savings clause"** in § 2255 is satisfied. **Jeffers v. Chandler**, F. 3d at 830. (5th. Cir. 2000), **Cert denied**, 534 U.S. 1001 (2001).

49. The Government have conceded to the position that the actual innocence exception applies to **"facts other than recidivism that would increase the statutory maximum sentence."** Brief for the Government as Amicus Curiae supporting their Petitioner, **Dretke v. Haley**,

-11-

NO. 02-1824, at 21. If the Court concludes that the guidelines must be applied in accordance with procedural requirements of **Blakely**, their position suggests that they would not be able to argue that the concept of actual innocence does not apply to factors that increase the defendant's offense level under the guidelines. **To do otherwise would be in violation of the Sixth Amendment. See**: **Blakely v. Washington**, 159 L. Ed. 2d 403 (2004): **Apprendi v. New Jersey**, 120 S. Ct. 2348 (2000): **Dikerson v. United States**, 530 U.S. 428 N. 3 (2000): **Withrow v. Williams**, 503 U.S. 680, 715 (1993): **United States v. R.L.C.**, 117 L. Ed. 2d 559 (1992), **See Also**: Memorandum page 21 to all Federal Prosecutors.

50. Because Petitioner is proceeding under § 2241, Petitioner need not obtain a COA. **See**: **Ojo v. INS**, 106 F. 3d 680, 681-82 (5th Cir. 1997): **See Also**: 28 U.S.C. § 2253. In an appeal from the denial of habeas relief, this Court should review a District Court's finding of fact for clear error and issues of law **de novo. See**: **Moody v. Johnson**, 139 F. 3d 477-80(5th Cir. 1998).

51. Section 2241 is currently used to attack **the manner** in which a **sentence is executed. United States v. Cleto** 956 F. 2d 83,84(5th Cir. 1992). A petition filed under § 2241 which **attacks errors** that occurred **at trial or sentencing** is **properly** construed as a **§ 2255 motion. See: Tolliver**, 211 F. 3d at 877-78(5th Cir. 2000).

52. Nevertheless, a § 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention, a § 2241 petition **is not**, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. **See: McGhee v. Hanberry**, 604 F. 2d 9,10(5th Cir. 1979). A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, **does not** make § 2255 inadequate or ineffective. **Tolliver**, 211 F. 3d at 878.

53. Therefore, notwithstanding, Petitioner argues that his case is different from those in which a § 2255 litigant has been unsuccessful on the merits of his claims because he had no opportunity to obtain a Judicial determination of the legality of his conviction inasmuch as the **Apprendi**, and **Blakely**, decisions had not been issued when he filed his prior § 2255 motions. In support of Petitioner's Argument Petitioner cites several cases from other Circuits which have held that the § 2255 remedy is inadequate if a prisoner is afforded no reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his **conviction or sentence**, either when he is convicted on appeal, or later when he files a motion for postconviction relief under § 2255. See: **Wofford v. Scott**, 177 F. 3d 1236-44 N.3(11th Cir. 1999); **In Re: Davenport**, 147 F. 3d 605, 610-12(7th Cir. 1998): **Triestman v. United States**, 124 F. 3d 361,363 (2nd Cir. 1997); **In Re: Dorsainvil**, 119 F. 3d 245, 250-52(3rd Cir. 1997). These cases to which Petitioner cites have held that such a circumstance might arise if, after the petitioner has been convicted and has exhausted his opportunities for postconviction relief, a Court decision alters the prevailing interpretation of a statute and makes clear that the Petitioner's conduct did not violate the statute. See: **Wofford**, 177 F. 3d at 1244; **Davenport**, 147 F. 3d at 611; **Triestman**, 124 F. 3d at 363,380; **Dorsainvil**, 119 F. 3d at 250-51.

54. Most of the cases which Petitioner cites involve prisoners who asserted that they were **actually innocent** of their conviction based on the Supreme Court's opinion in **Bailey v. United States**, 516 U.S. 137 (1995). See: **Davenport**, 147 F. 3d at 607-08; **Triestman**, 124 F. 3d at 365-66; **Dorsainvil**, 119 F. 3d at 246-48. In those cases the prisoners were unable to obtain review of their claims in a § 2255 motion because **Bailey**, had been decided after they had filed their first § 2255 motions, **the same as in Apprendi**, and **Blakely, in the Petitioner's case**. And they were unable to meet the requirements for filing a successive § 2255 motion. See: **Davenport**, 177 F. 3d at 607-08; **Triestman**, 124 F. 3d at 365-66; **Dorsainvil**, 119 F. 3d at 246-48.

55. In **Hooker v. Sivley**, 187 F. 3d 680, 682(5th Cir. 1999), this Court recognized that other Circuits have allowed prisoners to use the "saving clause" of § 2255 to raise a **Bailey** in a § 2241 petition. The same as Petitioner is requesting **Apprendi and Blakely**.

-13-

56. Courts have narrowly defined the circumstances under which a petitioner is entitled to seek § 2241 relief based on the "saving clause". Some Courts have held that relief under § 2241 should be limited to cases in which the Petitioner's claim is based on a retroactively applicable Supreme Court decision which overrules Circuit law that was existing at the time the claim should have otherwise been raised. **See**: **Wofford**, 177 F. 3d at 1244-45; **Davenport**, 147 F. 3d at 611. Others have indicated that relief should be available under § 2241 only if failure to hear a prisoner's claim **would result in a serious Constitutional question**. Or if the prisoner can make an effective claim of **factual or legal** innocence. **Triestman**, 124 F. 3d at 377-80. Other Courts have suggested that § 2241 may be invoked only when a fundamental defect exists in the criminal conviction or sentencing that cannot be corrected under § 2255. **Cooper v. United States**, 199 F. 3d 898, 901(7th Cir. 1999).

57. Predicated on the case laws and the United States Constitution Petitioner has made a meritorious argument that his remedy under § 2255 is inadequate and ineffective. Petitioner further states, that based on **Richardson, Apprendi,** and **Blakely,** that the jury instrusctions were fundamentally defective and that he is actually innocent of the higher enhanced sentence of his conviction. **See**: **Bously v. United States**, 523 U.S. at 623. Indeed, there is no way a reasonable jury could have convicted Petitioner of the enhanced penalties, because the Judge in an arbitrary manner removed these facts in violation of the Fifth and Sixth Amendments in not charging the jury on these facts that increased his sentence in the liability portion of this trial violating the dictates of the traditional principles concerning **notice** and proof of the crime set forth in **McMillan v. Pennsylvania**, 91 L. Ed. 67(1986) and clarified again by Supreme Court in it's recent decision in **Apprendi v. New Jersey**

58. Petitioner was not afforded a reasonable opportunity to obtain a reliable Judicial determination of the fundamental legality of his conviction on the issue he now raises, either when he was convicted on appeal, or later when he filed his § 2255 motion since the **Richardson, Apprendi, and Blakely** decisions had not been issued.

## CONCLUSION

For the reasons and documented facts listed above, Petitioner states that these violations of the Constitution and Laws of the United States, left the Court without proper authority to impose an unconstitutional sentence that was illegally obtained in violation of Petitioner's Fifth and Sixth Amendments.

Wherefore, premises be considered that Petitioner be granted this Petition for Writ of Habeas Corpus. A Summary Judgement in the above Action and an Order from this Honorable Court immediately "releasing" the Petitioner from this illegal sentence or an evidentiary hearing, on the merits consistent with the foregoing and other determined by this Honorable Court.

Whereby, a fundamental miscarriage of Justice will remain, if this Court does not grant this evidentiary hearing to serve the ends of Justice, and preserving the integrity of the Constitution, and the reputation of this Honorable Court as well as assuring that the public receive a fair and impartial Justice System under the Constitutional Statute, and it's Amendments to with.

Dated: **1-6-05**                                Respectfully Submitted,

                                                 Darryl Ford
                                                 #08943-040
                                                 F.M.C. Devens Prison
                                                 P.O. Box 879
                                                 Ayer, MA. 01432-0879

## CERTIFICATE OF SERVICE

I, Darryl Ford, 08943-040, hereby Certifies that a true copy of the foregoing was mailed via institutional legal mail on the above date to the * United States District Court for the District of Massachusetts located at the United States Courthouse, at One Courthouse Way, in Boston, Massachusetts 02210.