UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


DARRYL FORD,                          )     2005 MAR -2  P 12: 51
    PRO-SE APPELLANT,                 )
                                      )     FILED IN CLERKS OFFICE
v.                                    )     US COURT OF APPEALS
                                      )     Civil Action No:  4:04-cv-40232-NG
                                      )     FOR FIRST CIRCUIT
DAVID L. WINN, WARDEN,                )
F.M.C. DEVENS, ET AL.,                )
    RESPONDENT-APPELLEE.              )
                                      )
                                      )


<u>NOTICE OF APPEAL BY THE PRO-SE APPELLANT</u>
<u>UNDER THE DISTRICT COURT FEBRUARY 11TH, 2005</u>
<u>RULING TO THE UNITED STATES COURT OF APPEALS</u>
<u>FOR THE FIRST CIRCUIT</u>


<u>WITH</u>


<u>THE PRO-SE APPELLANT MOTION FOR APPOINTMENT</u>
<u>OF COUNSEL IN THE INSTANT APPEAL</u>



Dated: February 25, 2005


                                            Respectfully Submitted,


                                            _____
                                            By: Darryl Ford

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

|  |  |
|---|---|
| DARRYL FORD,<br>    PRO-SE APPELLANT,<br><br>v.<br><br>DAVID L. WINN, WARDEN,<br>F.M.C. DEVENS, ET AL,<br>    RESPONDENT-APPELLEE. | )<br>)<br>)<br>) Civil Action<br>) District Court<br>) Docket No: 4:04-cv-40232<br>) Honorable Judge: Nancy Gertner<br>)<br>)<br>) |

MOTION BY PRO-SE APPELLANT MOVANT

FOR APPOINTMENT OF COUNSEL IN THE

INSTANT APPEAL UNDER HABEAS CORPUS

28 U.S.C. § 2241

## QUESTION'S PRESENTED

1. Should the Court appoint Counsel for the Appellant to assist in these appeal issues based on the ruling by the lower Court District Judge Nancy Gertner. "**Petitioner's claim must be brought as section 2255 action before the sentencing Judge in the Western District of Michigan. Petitioner has put forth no arguments to challenge that conclusion. His Motion for Continuance to prepare a Motion for Reconsideration[Docket #6] and his Motion for Reconsideration[Docket #7] are therefore DENIED. (Gertner, Nancy).**"

2. Should the Court appoint Counsel for Appellant to assist in these complex appeal issues based on the ruling by the lower Court District Judge Nancy Gertner that did not consider the Appellant was subjected to the United States Supreme Court, in a per curiam opinion, expressing the unanimous views of the Court, "**It was held that since it did not appear beyond doubt that the inmate could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof.**". And holds allegations of a pro-se complaint to less stringent standards than formal pleading drafted by lawyers.

3. Should the Court appoint Counsel for the Appellant to assist in this complex appeal in providing the Court and Appellant with the supporting law that the lower Court did not interpret or rule on evidence that shows the **Appellant's complaint should not**

-1-

**have been dismissed for alleged failure to state a claim unless it appears, beyond reasonable doubt that Petitioner can prove no set of facts in support of his claim which would entitle him to relief.**

4. Should the Court the appoint Counsel for the Appellant to assist in this appeal in providing the Court and Appellant with the supporting law that shows whatever may be the limits on the scope of inquiry of courts into the internal administration of prisoners, allegations such as those asserted by Petitioner-Appellant, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.

5. Should the Court appoint Counsel for the Appellant to assist in this appeal in providing the Court and Appellant with the supporting law and procedures that shows this Honorable Court <u>cannot</u> say with assurance that under the allegations of the pro-se complaint, which the Supreme Court hold to less stringent standards than formal pleading drafted by lawyers, whereas, it appears **"beyond doubt that the plaintiff/appellant can prove no set of facts in support of his claim which would entitle him to relief."** <u>Conley v. Gibson</u>, 355 U.S. 41,45-46 (1957) 2 L.Ed.2d 80,84: <u>See</u>: <u>Dioguardi v. Durning,</u> 139 F.2d 774 (CA2 1944).

Accordingly, Petitioner-Appellant is intimate in view of the merits of Petitioner-Appellant's allegations. Petitioner-Appellant should be granted an opportunity to offer proof. <u>See</u>: <u>Haines v. Kerner</u>, 30 L.Ed. 2d at 654.

<u>CONSOLIDATED DECLARATION MEMO OF
LAW, ARGUMENTS WITH STATEMENT OF FACTS</u>

<u>DECLARATION AND AFFIRMATION</u>

**I, Darryl Ford, Pro-se Appellant-Movant,** herein after (Appellant) declares and affirms under the penalty of perjury the instant filing is true.

<u>THIS HONORABLE COURT HAS THE ESSENTIAL
JURISDICTION TO ENTERTAIN A CONSTITUTIONAL
FEDERAL QUESTION PERTAINING TO THE FIFTH
AND SIXTH AMENDMENTS REGARDING THE
MISAPPLICATION OR DIRECT VIOLATION OF THE
SENTENCING GUIDELINES CAUSING AN EGREGIOUS
MISCARRIAGE OF JUSTICE</u>

Habeas Corpus jurisdiction and/or subject matter jurisdiction "custody", to invoke habeas corpus review by a Federal Court, the Petitioner-Appellant must satisfy two jurisdictional requirements.

1.) **The Status Requirement** that the Petitioner-Appellant be held on behalf of a person in custody pursuant to the judgment of a State or Federal Court.

2.) **The Substance Requirement** that the Petitioner-Appellant challenges the legality of that custody on the ground or grounds that it is in violation of the Constitution or laws or treaties of the United States of America. **See:** 28 U.S.C.A. 2241 (a)(C)(1)(3).

In the instant appeal, there is no doubt Petitioner-Appellant falls within the criterion satisfying both jurisdictional requirements.

-3-

However, Petitioner-Appellant requests leave for the record that Petitioner-Appellant is lay person and not skilled nor trained in the law and would move this Honorable Court to bear with the Petitioner-Appellant in briefing this Petition.

Petitioner-Appellant being pro-se and unskilled in the drafting of briefs and moves this Honorable Court to allow the Petitioner-Appellant to proceed forward on the merits and adopts the procedural aspects of the Supreme Court's decision in **Haines v. Kerner**, 30 L.Ed. 2d 652 (1972) where theCourt held that allegations in pro-se complaint are to be held to a less stringent standard than formal pleading drafted by lawyers.

The lower Court stated in it's Notice of electronic filing per Gertner, Nancy entered on 2/11/2005 at 0:20 A.M. Est. and filed on 2/11/2005.

Docket Text:

Judge Nancy Gertner: Electronic Order entered denying [6] Motion for Extension of Time, denying [7] Motion for Reconsideration: Pursuant to this Court's order of dismissal entered on November 18th, 2004, [docket entry #5], petitioner's claim must be brought as a Section 2255 action before the sentencing Judge in the Western District of Michigan. Petitioner has put forth no arguments to challenge that conclusion. His Motion for a continuance to prepare a Motion for Reconsideration [docket entry #7] are therefore **DENIED**. (Nancy Gertner).

Petitioner-Appellant's Extension was denied as well as his Motion for Reconsideration on 2/11/2005. Appellant received notice on 2/15/2005, which brings this Notice of Appeal.

### PETITIONER-APPELLANT'S 28 U.S.C. 2241 MAY BE ENTERTAINED WHEN THE SO-CALLED "SAVINGS CLAUSE" IN § 2255 IS SATISFIED

It is the typical, *** not the rare, case in which Constitutional claims turn upon the resolution of contested factual issues. Thus a narrow view of the hearing power would totally subvert Congress' specific aim in passing the Act of February 5, 1867, of affording state or federal prisoners a forum in the Federal Trial Courts for the determination of claims of detention in violation of the Constitution. The language of Congress, the history of writ, the decisions of the Supreme Court, all make clear that the power of inquiry on Federal habeas corpus is plenary.

Therefore, where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle Appellant to relief, the Federal Court to which the application is made has the power to receive evidence and try the facts anew. **See**: **Townsend v. Sain**, 9 L.Ed. 2d 770.

The principle of construction applies to sentencing provisions as well as to substantive criminal statutes. **See**: **Bifulco v. United States**, 65 L.Ed. 205 (1980).

-5-

In this instant appeal before this Honorable Court, the lower Court is construing "Petitioner's Petition as a challenge to the **execution**, rather than to the underlying conviction. As this is so stated. Accordingly, a 2241 is the proper vehicle for review" Id. (emphasis added).

The Petitioner-Appellant is "actually innocent" of the higher enhanced sentence. **See**: **Bously v. United States**, 523 U.S. at 623. Indeed, there is no way the jury could convict the Petitioner-Appellant of the enhanced penalties, because the Judge in an arbitrary manner removed these facts in violation of the Fifth and Sixth Amendments in not charging the jury on these facts that increased Petitioner-Appellant's sentence in the liability portion of Petitioner-Appellant's trial violating the dictates of the traditional principles concerning **Notice** and proof of the crimes set forth in **McMillan v. Pennsylvania**, 91 L.Ed.2d 67 (1986) and clarified again by the Supreme Court in its recent decision in **Jones v. United States**, 526 U.S. 227 (1999), **Apprendi v. New Jersey**, 120 S.Ct. 2348 (2000): **Ring v. Arizona**, 536 U.S. 584 (2002): **See: Booker**, 2005 U.S. Lexis 628 at *27. As the Supreme Court expressed by the time **Blakely v. Washington**, 542 U.S. _____, 124 S.Ct. 2531 (2004) was decided, Supreme Court precedent made clear "that the 'statutory maximum' for **Apprendi** purposes is the maximum sentence a Judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." **Booker**, 2005 U.S. Lexis 628 at *28 (quoting **Blakely**, 124 S.Ct. 2531 (slip op., at 7)).

Therefore, notwithstanding, the Appellant is "factually innocent" by demonstrating that "in light of all the evidence, it is more likely then not that **no reasonable juror** would have found the enhancing factor." **See**: **Bously**, 523 U.S. at 623. The Appellant's "actually innocent" clause falls within the "savings clause" and the 2255, is satisfied by the Appellant. A 2241 Petition "may be entertained when the so-called "savings clause" in 2255 is satisfied. **See**: **Jeffers v. Chandler**, 253 F.3d at 830 (5th Cir. 2000) **Cert. denied**, 534 U.S. 1001 (2001).

The Government has conceded to the position that the actual innocent exception applies to "**facts other than recidivism that would increase the statutory maximum sentence.**" Brief for the Government as amicus curiae supporting their Petitioner, **Dretke v. Haley**, No. 02-1824, at 21.

If the Court concludes that the guidelines must be applied in accordance with procedural requirements of **Blakely**, their position suggests that they would not be able to argue that the concept of actual innocent does not apply to factors that increase the defendant's offense level under the guidelines. **To do otherwise would be in violation of the Sixth Amendment. See**: **Booker**, 2005 U.S. Lexis 628 at 27, **Jones v. United States**, 526 U.S. 227 (1999), **Apprendi**, 120 S.Ct. 2348 (2000), **Ring v. Arizona**, 536 U.S. 584 (2002). **Blakely**, 124 S.Ct. 2531 (2004): **See also**: **Government's Memorandum** page 21 to all Federal Prosecutors.

Section 2241 is currently used to attack **the manner** in which a **sentence is executed. United States v. Cleto**, 956 F.2d 83,84 (5th Cir. 1992).

Nevertheless, a 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner establishes that the remedy provided for under 2255 is inadequate or ineffective to test the legality of his detention.

Appellant argues that his appeal is different from those in which a 2255 litigant has been unsuccessful on the merits of his claims because he had no opportunity to obtain a Judicial determination of the legality of his conviction or sentence inasmuch as the **Apprendi**, **Blakely**, and **Booker**, decisions had not been issued when he filed his 2255 Motion.

In support of Petitioner-Appellant argument, Appellant cites several cases from other Circuits which have held that the 2255 remedy is inadequate if a prisoner is afforded no opportunity to obtain a reliable Judicial determination of the fundamental legality of his **conviction or sentence**, either when he is convicted on appeal, or later when he files a Motion for post-conviction relief under 2255. **See: Wofford v. Scott**, 177F.3d 1236-44 N.3 (11th Cir. 1999): **In Re: Davenport**, 147 F.3d 605-12 (7th Cir. 1998): **Triestman v. United States**, 124 F.3d 361,363 (2nd Cir. 1997): **In Re: Dorsainvil**, 119 F.3d 245,250-52 (3rd Cir. 1997).

These cases to which Appellant cites have held that such a circumstance

might arise if, after the Appellant has been convicted and has exhausted his opportunities for post-conviction relief, a Court decision alters the prevailing interpretation of a statute and makes clear that the Appellant's conduct did not violate the statute. **See**: **Wofford**, 177 F.3d at 1244: **Davenport**, 147 F.3d at 611: **Triestman**, 124 F.3d at 363,380: **Dorsainvil**, 119 F.3d at 250-51.

Most of the cases which Appellant cites involve prisoners who asserted that they were **actually innocent** of their **conviction and/or sentence** based on the Supreme Court's opinion in **Bailey v. United States**, 516 U.S. 137 (1995). **See**: **Davenport**, 147 F.3d at 607-08: **Triestman**, 124 F.3d at 365-66: **Dorsainvil**, 119 F.3d at 246-48. In those cases the prisoners were unable to obtain review of their claims in a 2255 motion because **Bailey** had been decided after they had filed their first 2255 motions, the same as in **Apprendi, Blakely, and Booker, in the Petitioner-Appellant's case.** And they were unable to meet the requirements for filing a successive 2255 motion. **See: Davenport**, 177 F.3d at 607-08: **Triestman**, 124 F.3d at 365-66, **Dorsainvil**, 119 F.3d at 246-48.

In **Hooker v. Sixley,** 187 F.3d 680,682 (5th Cir. 1999), this Court recognized that other Circuits have allowed prisoners to use the "savings clause" of 2255 to raise a **Bailey** in a 2241 petition. The same as Appellant is requesting in **Apprendi, Blakely and Booker,** Courts have narrowly defined the circumstances under which a petitioner is entitled to seek 2241 relief based on the "saving clause". Some Courts have held that relief under 2241 should be limited to

-9-

cases in which the Petitioner's claim is based on a retroactively applicable Supreme Court decision which overrules Circuits law that was existing at the time the claim should have otherwise been raised. **See**: **Wofford**, 177 F.3d at 1244-45: **Davenport**, 147 F.3d at 611. Others have indicated that relief should be available under 2241 only if failure to hear a prisoner's claim **would result in a serious Constitutional question**. Or if the prisoner can make an effective claim of **factual or legal** innocence. **Triestman**, 124 F.3d at 377-80. Other Courts have suggested that 2241 may be invoked only when a fundamental defect exists in the criminal conviction of sentencing that cannot be corrected under 2255. **Cooper v. United States**, 199 F.3d 898,901 (7th Cir. 1999).

Predicated on the case laws and the United States Constitution, Appellant has made meritorious argument that his remedy under 2255 is inadequate and ineffective. Appellant further states, that based on **Apprendi, Blakely, and Booker**, that the jury instructions were fundamentally defective and that he is actually innocent of the higher enhanced sentence of conviction. **See**: **Bously v. United States**, 523 U.S. at 623. Indeed, there is no way a reasonable jury could have convicted Appellant of the enhanced penalties, because the Judge in an arbitrary manner removed these facts in violation of the Fifth and Sixth Amendment in not charging the jury on these facts that increased his sentence in the liability portion of this trial violating the dictates of the traditional principles concerning **notice and proof** of the crime set forth in **McMillan v. Pennsylvania**, 91 L.Ed.2d 67 (1986) and clarified again by the Supreme Court in it's recent decision in **Apprendi v. New Jersey**, 120 S.Ct. 2348 (2000).

Appellant was not afforded a reasonable opportunity to obtain a reliable Judicial determination of the fundamental legality of his sentence on the issue he now raises, either when he was convicted on appeal, or later when he filed his 2255 motion since the **Apprendi, Blakely, and Booker,** decisions had not been issued.

**CONCLUSION**

For the reasons and documents and facts listed above, Appellant states that these violations of the Constitution and laws of the United States, left the Court without proper authority to impose an unconstitutional sentence that was illegally obtained in violation of Appellant's Fifth and Sixth Amendments.

Wherefore, premises be considered that Appellant be granted this Petition for writ of Habeas Corpus. A summary Judgement in the above action and an Order from this Honorable Court immediately "releasing" the Appellant from this illegal sentence or an evidentiary hearing, on the merits consistent with the foregoing and other determined by this Honorable Court.

Whereby, a fundamental miscarriage of Justice will remain, if this Court does not grant an evidentiary hearing to serve the ends of Justice, and preserving the integrity of the Constitution, and the reputation of this Honorable Court as well as assuring that the public receive a fair and impartial Justice System under the Constitutional statute, and it's Amendments to with.

Respectfully Submitted,

Executed on this date: 02-25-05       _____
                                       Darryl Ford

-11-

## CERTIFICATE OF SERVICE

**I, Darryl Ford,** 08943-040, **hereby certifies** that a true copy of the foregoing was mailed via institutional legal mail on the above date to * United States District Court for the District of Massachusetts located at the United States Courthouse at One Courthouse Way, in Boston, Massachusetts, 02210.

Respectfully Submitted,

Dated: February 25, 2005

Darryl Ford
\# 08943-040 P-3
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432-0879